**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **PAM DOWNES, NITA GALLEGOS AND CONSUELO SANCHEZ, Individually and On Behalf of All Others Similarly Situated,** | § | |
| **Plaintiffs,** | § | **CA No. 2:26-cv-528** |
| **v.** | § | |
| **LESSONS OF LIFE, LLC, EDWARD RUIZ AND REYNALDO ROMERO, JR., INDIVIDUALLY,** | § | |
| **Defendants.** | § | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

---

Plaintiffs Pam Downes, Nita Gallegos and Consuelo Sanchez ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") bring this wage theft suit against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq.*

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not

less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendant Lessons of Life, LLC, Edward Ruiz, and Reynaldo Romero ("Defendants") have violated the FLSA and the NM Wage Act by failing to pay their caregivers proper overtime for hours worked over forty per week. Defendants' caregivers, including Named Plaintiffs, work more than forty hours per week but were and are not paid all the overtime that they are owed. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and as an opt-out class action under the NM Wage Act pursuant to Federal Rule of Civil Procedure 23.

## II. PARTIES

4. Named Plaintiff Pam Downes is an individual who resides in Doña Ana County, New Mexico and was employed by Defendants within the meaning of the FLSA. Named Plaintiff Downes was employed by Defendants from approximately 2020 through October 2025. She has consented to be a party-plaintiff in this action. Her signed consent form is attached to Plaintiff's Original Complaint.

5. Named Plaintiff Nita Gallegos is an individual who resides in Doña Ana County, New Mexico, and was employed by Defendants within the meaning of the FLSA. Named Plaintiff Gallegos was employed by Defendants from approximately March 18, 2023 through today. Her signed consent form is attached to Plaintiff's Original Complaint.

6. Named Plaintiff Consuelo Sanchez is an individual who resides in Doña Ana County, New Mexico, and was employed by Defendants within the meaning of the FLSA. Named Plaintiff Sanchez was employed by Defendants from approximately July 2014 through today. Her signed consent form is attached to Plaintiff's Original Complaint.

7. Defendant Lessons of Life, LLC is a New Mexico limited liability company doing business in New Mexico. Defendant Lessons of Life, LLC may be served by serving its registered agent, Edward Ruiz, at 5025 Meadow Circle, Las Cruces, New Mexico, 88007.

8. Defendant Reynaldo Romero is a Manager/Owner of Lessons of Life, LLC. Defendant Romero may be served at 5025 Meadow Circle, Las Cruces, New Mexico, 88007.

9. Defendant Edward Ruiz is a Manager/Owner of Lessons of Life, LLC. Defendant Ruiz may be served with process at 1720 S. Telshor Blvd, Las Cruces, New Mexico, 88011 or wherever else he may be found.

## III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Named Plaintiffs and the NM Class Members' (defined below) NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Named Plaintiffs and the NM Class Members' NM Wage Act claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

11. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Doña Ana County, New Mexico, which is in this District

and Division. Named Plaintiffs Downes, Gallegos and Sanchez were employees of Defendants and performed work for Defendants in and around Doña Ana County, New Mexico. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

13. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendant Lessons of Life, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned Defendant Lessons of Life, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom

Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

17. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.
18. At all times hereinafter mentioned, Named Plaintiffs Downes, Gallegos, Sanchez and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

19. Defendants provide home health care services to patients in their homes or at the health care facilities where their patients reside.
20. Named Plaintiff Downes has been a caregiver for Defendants from 2022 through October 2025.
21. Named Plaintiff Gallegos was a caregiver for Defendants from March 18, 2023 through today.
22. Named Plaintiff Sanchez has been a caregiver for Defendants from ______ through ______.
23. Defendants employ a number of other caregivers throughout the Las Cruces area.
24. In the performance of their work, Plaintiffs handle cell phones, computers, and medical devices manufactured outside New Mexico.

### A. Edward Ruiz and Reynaldo Romero are individually liable for Defendants' violations.

25. As the Owners of Lessons of Life, LLC, Edward Ruiz and Reynaldo Romero independently exercised control over the work performed by Named Plaintiffs and those similarly situated.
26. Edward Ruiz and Reynaldo Romero are responsible for running the day-to-day operations of Lessons of Life, LLC.

27. Edward Ruiz and Reynaldo Romero, acting directly in the interest of Lessons of Life, LLC, determined the wages to be paid to Named Plaintiffs and those similarly situated.

28. Edward Ruiz and Reynaldo Romero, acting directly in the interest of Lessons of Life, LLC, determined the work to be performed by Named Plaintiffs and those similarly situated.

29. Edward Ruiz and Reynaldo Romero, acting directly in the interest of Lessons of Life, LLC, determined the locations where Named Plaintiffs and those similarly situated would work.

30. Edward Ruiz and Reynaldo Romero, acting directly in the interest of Lessons of Life, LLC, determined the conditions of employment for Named Plaintiffs and those similarly situated.

31. Edward Ruiz and Reynaldo Romero, acting directly in the interest of Lessons of Life, LLC, maintained employment records on Named Plaintiffs and those similarly situated.

32. Edward Ruiz and Reynaldo Romero, acting directly in the interest of Lessons of Life, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Named Plaintiffs and those similarly situated.

**B. The Class Members were misclassified.**

33. Defendants classified Plaintiffs and the Class Members as independent contractors, and therefore not covered by the overtime protections of the FLSA and NM Wage Act.

34. Named Plaintiffs Downes, Gallegos and Sanchez were paid on an hourly basis but were, for a period of time, not paid any additional compensation for hours worked in excess of forty in a week, even though they were clearly non-exempt employees.

35. The Class Members were paid just as Named Plaintiffs Downes, Gallegos and Sanchez were paid; none were paid any additional compensation for hours worked over forty in a week for a period of time.

36. Plaintiffs spend all of their time providing care to individuals in their homes or in their living facilities. The job duties of the Class Members was and is essentially the same. As a result, each Class Member performed the same or similar job duties. The job functions of Plaintiffs required little to no official training, and they did not require a college education or other advanced degree.

37. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was predetermined by Defendants, including the job location and dates, the caregivers to be used for a specific job, and the duties to be performed by those caregivers. Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

38. Named Plaintiffs and Class Members worked very long hours, consistently working over forty hours per week.

39. Although they worked very long hours, Plaintiffs were misclassified and/or were not paid overtime pay for a period of time as required by the Fair Labor Standards Act.

40. Defendants required the Plaintiffs to work the long hours described above, and thus knew that Named Plaintiffs and Class Members regularly worked over 40 hours per week.

41. Defendants have employed and are employing other individuals as caregivers who have performed the same job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, the same job duties, have consistently worked in excess of forty hours in a workweek and were for a period of time denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

42. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and the Class Members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

43. Named Plaintiffs seek conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former caregivers of Defendants who worked more than 40 hours and who were not paid time-and-a-half overtime pay in at least one workweek in the last three years.**

44. Named Plaintiffs and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of non-exempt employees. Further, Named Plaintiffs and the FLSA Class Members were subjected to the same pay provisions in that they were all paid hourly but were for a period of time not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

45. Defendants' failure to compensate their employees for hours worked over 40 in a workweek as required by the FLSA results from a policy or practice that is applicable to the Named Plaintiffs and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all FLSA Class Members.

## VIII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

46. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs, individually and on behalf of all other similarly situated employees, pursue NM Wage Act claims against Defendants.

47. Named Plaintiffs seek certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

**All current and former caregivers of Defendants who worked more than 40 hours and who were not paid time-and-a-half overtime pay in at least one workweek in the last three years.**

48. Named Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a class basis challenging Defendants' failure to pay Named Plaintiffs and other similarly situated employees one and one-half times their regular hourly rate of pay for all hours worked over forty in a week.

49. Named Plaintiffs and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees. Further, Named Plaintiffs and the NM Class Members were subjected to the same pay provisions in that they were all paid hourly, but were not paid any additional compensation for hours worked over 40 in a workweek, as specifically discussed above.

50. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice applicable to all caregivers. This policy or practice is applicable to Named Plaintiffs and all NM Class Members. Application of this policy or practice does not depend on the personal circumstances of Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all NM Class Members.

51. Therefore, Defendants knew that Named Plaintiffs and NM Class Members were not being properly compensated for all of their hours worked.

52. Defendants maintained common work, time, and pay policies and procedures for their caregivers. As a result, Named Plaintiffs and NM Class Members are similarly situated and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

53. Named Plaintiffs' NM Wage Act claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

54. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are at least forty to fifty, possibly more, NM Class Members. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

55. **Commonality.** There are common questions of law and fact that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a) Whether Defendants violated the NM Wage Act by classifying the NM Class Members as independent contractors;

   b) Whether Defendants violated the NM Wage Act by failing to pay the NM Class Members overtime compensation for their work hours;

   c) Whether Defendants' violation of the NM Wage Act constituted a continuing course of conduct; and

   d) The proper measure of damages sustained by the NM Class Members.

56. **Typicality**. Named Plaintiffs' claims are typical of those of the class because Named Plaintiffs' claims arise from the same course of conduct and legal theories as the claims of the prospective NM Class Members. Like the NM Class Members, Named Plaintiffs worked as non-exempt employees providing care to Defendants' patients. Like the NM Class Members, Named Plaintiffs regularly worked in excess of forty hours per week. Like the NM Class Members, Named

Plaintiffs were not compensated at proper overtime rates for all overtime hours worked. The other facts outlined above likewise apply equally to both Named Plaintiffs and the NM Class Members.

57. **Adequacy**. Named Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the NM Class Members they seek to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiffs and the undersigned counsel, who have experience in employment and class action lawsuits.

58. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if any member of the class could afford to pursue individual litigation against a company the size of Defendant Lessons of Life, LLC, doing so would unduly burden the court system. Litigating many of these claims individually would magnify delays and costs for all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would risk inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

## IX. CAUSE OF ACTION ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

59. During the relevant period, Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiffs and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

## X. CAUSE OF ACTION TWO: FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

60. During the relevant period, Defendants violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiffs and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate. Defendants' violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

## XI. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiffs Downes, Gallegos and Sanchez pray for judgment against Defendants as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b. For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiffs Downes, Gallegos and Sanchez as Class Representatives under applicable NM law, and for designation of Plaintiffs' counsel as class counsel;

c. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

d. For an Order awarding Named Plaintiffs and the NM Class Members damages

pursuant to N.M. Stat. 50-4-26;

e. For an Order awarding Named Plaintiffs and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

f. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

g. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

h. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

j. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

**WELMAKER LAW, PLLC**

*/s/ Douglas B. Welmaker*
**Douglas B. Welmaker**
New Mexico Federal Bar ID 22-213
Texas Start Bar 00788641
505 E. Magrill St.
Longview, Texas 75601
Tel: (512) 799-2048
Doug@welmakerlaw.com

AND

**THE BUENKER LAW FIRM**
Josef F. Buenker
New Mexico Federal Bar ID 21-345
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com

**ATTORNEYS FOR PLAINTIFFS**